The complainant obtained an injunction in this Court to stay proceedings at law upon a judgment of the District Court of Freder-icksburg, recovered in the name of the defendant Fitzhugh, for the benefit of the defendant Johnston, to whom the bond, on which the judgment at law was rendered, had been transferred by the defendant Lewis, without assignment; and, before the answers came in, the defendant Fitzhugh died.
Botts, for the defendants, moved for an order, that unless the complainant would agree to appear at the next Court to be holden fo,r the District of Fredericksburg, and *there consent that the judgment at law should stand and be revived in the name of such person as might, in the mean time, take administration upon the estate of the defendant Fitzhugh, the injunction should be dissolved, without discussing its merits. Of this application, notice had been given to the plaintiff. •
By the Court. In a Court of Equity, the party applying for relief is sometimes subjected to conditions, which must be complied with before such relief can be obtained ; for example, if the complainant was now asking for his injunction, the usual conditions would be imposed, and one would be, that he should consent to revive the judgment at law: But it never has been the practice of this Court, at the instance of a party asking a favour, to grant it, by imposing conditions upon the other party.
The motion is, therefore, overruled.
But the Court will have no objection to make a rule upon the complainant, that the injunction shall stand dissolved, unless he will revive it against the representa lives of Fitzhugh, within a. given time after they shall have qualified. The defendant, then, for whose benefit the judgment was obtained, may, in their names, proceed to renew it in the course prescribed by law.